## APPEAL OF EDERHEIMER-STEIN CO.

Docket No. 2566. Submitted May 11, 1925. Decided September 30, 1925.

*Frederick D. Silber* and *George S. Ward, Esqs.*, and *Harry P. Baumann, C. P. A.*, for the taxpayer.
*J. A. Adams, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency for the fiscal year ending October 31, 1920, amounting to $681.31, arising from the disallowance by the Commissioner of an estimated amount set aside as a reserve to cover discounts which taxpayer's customers might take if accounts were paid within certain definite and fixed dates.

### FINDINGS OF FACT.

The taxpayer is an Illinois corporation with principal place of business at Chicago, and is engaged in the wholesale clothing business. Its shipments for fall deliveries were made in July, August, September, and October. The suits were billed as of November 1 and the overcoats as of December 1. The discounts applicable to men's clothing were as follows: 9 per cent if paid within 10 days of shipping date; 7 per cent if paid on or before November 10, in the case of suits, and on or before December 10, in the case of overcoats. The discounts applicable to children's clothing were as follows: 4 per cent if paid within 10 days of shipment; 2 per cent if paid on or before 10 days from November 1, in the case of suits, and from December 1, in the case of overcoats.

The taxpayer; immediately after its organization in 1914, began the practice of setting up on its books at the beginning and close of each fiscal year a reserve for discounts allowable to its customers.

This reserve was estimated, being based in part upon the total allowable discounts applicable to each class of accounts and in part upon the state or condition of business and the prospect of customers being able to take advantage of the discounts within the time designated.

The taxpayer likewise set up at the beginning and end of each fiscal year a reserve for discounts which it was entitled to take upon merchandise purchased by it. Such reserve was arrived at by deducting from the face of each invoice as it was received from the creditor the discount to which the taxpayer was entitled for prompt payment, and entering upon the books of account only the net amount of each such invoice as a liability.

Upon audit of the return the Commissioner disallowed as a deduction the reserve for cash discounts, as set up on the books of the taxpayer, upon the ground that it was an estimate at the close of the year and that all of the factors involved were mere guesses. The taxpayer admits that the reserve for discounts as set aside was an estimate, but claims that such estimate was based upon definite and constant factors; that the state of business of the taxpayer was a known factor, and when business was good the reserve was fixed at an amount equal to the total allowable discount, since nearly all customers would take advantage of such discount, while in other years when business was depressed the reserve was fixed at a lesser amount because many customers would not be likely to take advantage of the discount.

### DECISION.

The determination of the Commissioner is approved.

ARUNDELL not participating.